MORRIS J. BALLER, CA Bar No. 048928
mballer@gdblegal.com
SARAH K. WEBB, CA Bar No. 263968
swebb@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| Gene Jovich and Hung Tran, individually and on behalf of all others similarly situated, | Case No.: CV 10-04405 JSW |
| Plaintiffs, | CLASS ACTION |
| vs. | **FIRST AMENDED COMPLAINT FOR: (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204)** |
| Southern Wine & Spirits of America, Inc., a Florida Corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

FIRST AMENDED COMPLAINT FOR: (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.: CV 10-04405 JSW

247627-3

1         Plaintiffs Gene Jovich and Hung Tran ("Plaintiffs"), on behalf of themselves and all others

2   similarly situated (hereinafter "Class Members"), complain and allege as follows:

3                              **INTRODUCTION**

4         1.     This is a class action, under Rule 23 of the Federal Rules of Civil Procedure, seeking

5   reimbursement for business expenses, and interest thereon; declaratory relief; injunctive and other

6   equitable relief; and reasonable attorneys' fees and costs, under California Labor Code § 2802, Code of

7   Civil Procedure § 1021.5, and Business and Professions Code § 17200, *et seq.*, on behalf of Plaintiffs

8   and all other individuals who are or have been employed as "off-premise" or "broad market" Sales

9   Representatives (hereinafter "Sales Representatives" or "Class Members") by Defendant Southern

10   Wine and Spirits of America, Inc. and/or its subsidiaries or affiliated companies (hereinafter "SWS" or

11   "Defendant") in California during the four years prior to the filing of this action.  Plaintiffs and Class

12   Members paid business expenses incurred by them in the course of their work for Defendant as Sales

13   Representatives, for which they have not received reimbursement from Defendant.  Plaintiffs, on

14   behalf of themselves and Class Members, also seek injunctive relief and restitution of all unjust

15   enrichment Defendant has obtained from its failure to reimburse expenses incurred by Plaintiffs and

16   Class Members.

17         2.     The "Class Period" is designated as the period from four years prior to the filing of this

18   action through the trial date.  Defendant's violations of California's wage and hour laws and unfair

19   competition laws, as described more fully below, have been ongoing for at least the past four years, are

20   continuing at present, and will continue unless and until enjoined by the Court.

21         3.     Plaintiffs and similarly situated Sales Representatives sell wine, beer, and spirits to bars,

22   restaurants, and liquor stores on behalf of SWS.  They are, and throughout the Class Period have been,

23   employed by SWS.  Each Sales Representative sells products from one of three different Southern

24   Wine & Spirits brands or labels:  Southern Wine & Spirits, Pacific Wine & Spirits, or American Wine

25   & Spirits.  Sales Representatives' duties are performed mostly in the field, away from SWS offices or

26   facilities.  SWS expects and requires Sales Representatives to drive their own vehicles to and from

27   their home offices, the sites of customers and prospective customers, and SWS offices and distribution

28

1   centers in order to pick up products for customers, attend meetings, or carry out other Sales

2   Representative duties.  Plaintiffs and similarly situated Sales Representatives are expected by

3   Defendant to pay, and have personally paid for, expenses associated with the operation of their

4   vehicles incurred by them in the course of their employment for the benefit of SWS.  Such expenses

5   include, inter alia, mileage, gasoline and oil, parking, tolls, insurance, and other automobile-related

6   expenses.

7        4.        SWS also expects and requires Sales Representatives to perform job duties, such as

8   communicating with and preparing or transmitting documents for meetings or other communications

9   with current and/or prospective clients, away from SWS office facilities, which requires Sales

10  Representatives to use cellular phones and home office equipment and supplies.  Plaintiffs and

11  similarly situated Sales Representatives are expected by Defendant to pay, and have personally paid

12  for, the purchase and maintenance of cell phones and home office equipment and supplies used by

13  Sales Representatives in the in the discharge of their sales-related duties.

14       5.        Defendant has willfully failed and refused to reimburse Plaintiffs and other present and

15  former Sales Representatives fully, or at all, for these and other business expenses that they incurred in

16  the regular course of their duties as Defendant's employees, as required by Labor Code § 2802.

17                          **JURISDICTION** AND **VENUE**

18       6.        The original Complaint was filed in the Superior Court of California, Alameda County,

19  on August 17, 2010.  Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332(d),

20  1441(a), 1446, and 1453 on September 29, 2010.  This Court has jurisdiction pursuant to 28 U.S.C

21  § 1332(d).

22       7.        Venue is proper in this District, pursuant to 28 U.S.C. §.1441(a), because the County in

23  which this removed action was originally brought is within this District.  Defendant employs Sales

24  Representatives who work in at least 16 SWS offices throughout the State of California, including at

25  least one office in this District.  The unlawful acts alleged herein have a direct effect on Plaintiffs and

26  other Sales Representatives within the State of California, some of whom are employed and incur

27  unreimbursed business expenses while conducting Defendant's business within this District.

28

247627-3

**PARTIES**

8.      Plaintiff Gene Jovich resides in Grass Valley, California.  Plaintiff Jovich was employed by SWS as a Sales Representative out of SWS's Union City, California, office from approximately 1989 to July 2010 and during the Class Period.  During that time Plaintiff Jovich was subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein, and incurred unreimbursed business expenses in the course of carrying out his job duties.

9.      Plaintiff Hung Tran resides in Rosemead, California.  Plaintiff Tran was employed by SWS from approximately February 2005 to approximately March 2008.  He worked as a Sales Representative out of SWS's Cerritos, California, office from approximately September 2006 to approximately March 2008, during the Class Period. During this time, Plaintiff Tran was subject to Defendant's unlawful business expense reimbursement policies and/or practices set forth herein, and incurred unreimbursed business expenses in the course of carrying out his job duties.

10.     Defendant Southern Wine & Spirits of America, Inc., is a Florida corporation with its principal place of business and mailing address at 1600 N.W. 163rd Street, Miami, FL 33169.

11.     All of Plaintiffs' claims stated herein are asserted against Defendant and any of its predecessors, successors, and/or assigns that do, or have done, business, and that employ, or have employed, Class Members in California during the Class Period.

**FACTUAL BACKGROUND**

12.     Defendant operates and, at all times during the liability period, has done business throughout California.  Defendant, in the course of operating its business in California during the Class Period, employs or has employed Plaintiffs and Class Members.

13.     Since at least four years prior to the filing of this action, Defendant has maintained business expense policies and/or practices that deny lawful reimbursement and/or compensation to its Sales Representatives.  Those policies and/or practices require, and/or with knowledge thereof permit, Sales Representatives to pay for expenses incurred in direct consequence of discharging their sales duties on behalf of Defendant, without reimbursement in full or at all by Defendant for such expenses.

14.     These expenses include, but are not limited to, costs associated with Sales Representatives' use of their personal vehicles, cellular phones, and home offices in the discharge of

3

FIRST AMENDED COMPLAINT FOR:  (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.: CV 10-04405 JSW

247627-3

1   their duties.  Sales Representatives' motor vehicle expenses include, but are not limited to, mileage,

2   insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles, all

3   incurred while traveling for business.  Sales representatives also incur expenses for purchase of a

4   cellular phone and monthly cellular phone bills in the discharge of their duties.  Expenses incurred for

5   maintenance of Sales Representatives' home offices include, but are not limited to, home internet

6   service, computers, printers, printer paper, toner, and personal digital assistant devices used in the

7   discharge of Sales Representatives' duties.

8       15.     Defendant has maintained its policies of denying reimbursement in full, or at all, of

9   Sales Representatives' business expenses, or substantially similar policies, throughout California and

10  throughout the Class Period.

11      16.     Defendant is aware that Sales Representatives regularly incur business expenses in the

12  discharge of their duties, as employees, in excess of any reimbursements that may be provided to Sales

13  Representatives.  Defendant nevertheless has, throughout the Class Period, failed and refused to

14  reimburse Sales Representatives for such business expenses incurred by them in their work as they

15  solicit sales and sell wine, beer, and spirits to Defendant's clients and prospective clients at locations

16  throughout their sales territories.

17      17.     Plaintiffs and Class Members have been harmed by Defendant's unlawful business

18  expense policies and/or practices in that they have not been paid for certain business expenses incurred

19  while employed by Defendant, thereby diminishing their agreed-upon compensation, in substantial

20  amounts to be proved at trial.

21                              **CLASS ACTION ALLEGATIONS**

22      18.     Plaintiffs bring this action, on behalf of themselves and all others similarly situated, as a

23  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class that Plaintiffs seek

24  to represent is composed of and defined as all persons who have been employed by Defendant in

25  California as Sales Representatives and/or in a similar sales job capacity (collectively "Sales

26  Representatives" or "Class Members") at any time from four years prior to the filing of the original

27  Complaint through the commencement of trial.  All such Class Members were subject to Defendant's

28  policy and/or practice of failing to fully reimburse employees' business expenses.

FIRST AMENDED COMPLAINT FOR:  (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.: CV 10-04405 JSW

247627-3

19.   This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23(a):

a.   Rule 23(a)(1) – Numerosity:  The potential members of the Class as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Defendant has at all times during the Class Period employed more than 250 Sales Representatives in California subject to Defendant's business expense reimbursement policies.  Due to employee turnover, the number of Class Members is much larger than the number of Sales Representative positions at any one time.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed class is therefore not practicable.

b.   Rule 23(a)(2) – Commonality:  There are questions of law and fact common to the Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.   Whether Plaintiffs and Class Members incurred unreimbursed business expenses in the discharge of their duties as employees, included but not limited to expenses for operation of personal motor vehicles such as mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles; cellular phones and monthly cellular phone bills; home internet service, computers, printers, printer paper, toner, and personal digital assistant devices.

ii.   Whether Defendant intended, suffered and/or permitted, and/or was aware that Plaintiffs and Class Members incurred such business expenses in the discharge of their duties as employees.

iii.   Whether Defendant failed and/or refused to fully reimburse business expenses incurred by Plaintiffs and Class Members in the discharge of their duties.

iv.   Whether Defendant's failure to reimburse business expenses incurred by Plaintiffs and Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular practice of Defendant.

v.   Whether Defendant violated Labor Code § 2802 by denying Plaintiffs and other Class Members reimbursement for their business expenses.

vi.     Whether Defendant violated Business and Professions Code § 17200 by failing to pay business expenses for Plaintiffs and Class Members.

vii.     The proper formula(s) for calculating restitution, damages, interest, and waiting time penalties owed to Plaintiffs and the Class Members.

c.     Rule 23(a)(3) – Typicality:  Plaintiffs' claims are typical of the claims of the Class.  Both Plaintiffs and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways and for the same types of expenses.

d.     Rule 23(a)(4) – Adequacy of Representation:  Plaintiffs are both members of the Class and will fairly and adequately represent and protect the interests of the Class Members.  Plaintiffs' interests do not conflict with those of Class Members.  Counsel who represent Plaintiffs are competent and experienced in litigating large wage and hour class actions, including business expense reimbursement cases, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

20.     Rule 23(b)(2) – Class Maintainable Under this Rule.  This action is brought and may be properly maintained as a class action pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

a.     Rule 23(b)(3) – Class Maintainable Under this Rule.  This action is also brought and may properly maintained as a class action pursuant to Rule 23(b)(3).  The common questions of fact and law alleged in paragraph 19(b) above, and other questions common to the class, predominate over any questions affecting only individual members of the class.  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices of not reimbursing business expenses.  Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for

6

FIRST AMENDED COMPLAINT FOR:  (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.:  CV 10-04405 JSW

247627-3

1   the parties and the judicial system.  Certifying this case as a class action is superior because a class

2   action will also allow for efficient and full payment to class members of the amounts Defendant

3   wrongfully failed to pay them pursuant to its unlawful business expense reimbursement policy and/or

4   practice, and will thereby effectuate California's strong public policy of protecting employees from

5   deprivation or offsetting of compensation earned in their employment.  If this action is not certified as

6   a class action, it will be impossible as a practical matter for many or most Class Members to bring

7   individual actions to recover monies unlawfully withheld from their lawful compensation due from

8   Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and

9   burdens of litigation.

### FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### (CALIFORNIA LABOR CODE § 2802)

12   21.   The allegations of Paragraphs 1 through 20 are realleged and incorporated herein by

13   reference, and Plaintiffs allege this cause of action on behalf of themselves and the above-described

14   class of similarly situated Sales Representatives.

15   22.   Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee

16   for all necessary expenditures or losses incurred by the employee in direct consequence of the

17   discharge of his or her duties."

18   23.   In order to discharge their sales-related duties for Defendant, Plaintiffs and similarly

19   situated Sales Representatives were required and expected by Defendant to use their own personal

20   motor vehicles for work-related travel.  However, Defendant did not pay fully, or at all, for expenses

21   incurred as a result of Plaintiffs' and Class Members' use of their own motor vehicles for work,

22   including, but not limited to, mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation

23   and maintenance of their vehicles.

24   24.   Plaintiffs and similarly situated Sales Representatives also incurred necessary business

25   expenses in discharging their sales-related duties away from SWS's offices and facilities, such as

26   purchase of cellular phones, monthly cellular phone bills, home internet service, purchase of home

27   office equipment such as computers, printers, printer paper, and toner, and personal digital assistant

28   devices (e.g., PalmPilots), for which they were not reimbursed by Defendant fully, or at all.

7
FIRST AMENDED COMPLAINT FOR:  (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL
VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.:  CV 10-04405 JSW

247627-3

25.     Defendant's failure to pay for or reimburse the work-related business expenses of Plaintiffs and other Sales Representatives violated non-waivable rights secured to Plaintiffs and Class Members by Labor Code §2802.  Plaintiffs and similarly situated Sales Representatives are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

26.     As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for attorneys' fees and costs under Labor Code § 2802(c).

27.     Plaintiffs, on behalf of themselves and Class Members, request relief as described below.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION LAW VIOLATIONS
## (CALIFORNIA BUS. & PROF. CODE § 17200)

28.     The allegations of Paragraphs 1 through 27 are realleged and incorporated herein by reference, and Plaintiffs allege this cause of action on behalf of themselves and the above-described class of similarly situated Sales Representatives.

29.     Business & Professions Code § 17200 (the "UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

30.     Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the filing of this action, and continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business & Professions Code § 17200, by failing to reimburse and indemnify Plaintiffs and similarly situated Sales Representatives for employment-related business expenses and losses, in violation of Labor Code § 2802.

31.     In order to discharge their sales-related duties for Defendant, Plaintiffs and similarly situated Sales Representatives were required and expected by Defendant to incur and pay, and did in fact incur and pay, business expenses in the course and scope of their employment, as alleged above.

1    Plaintiffs and other Sales Representatives were not reimbursed fully, or at all, by Defendant for such

2    expenses.

3         32.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent acts

4    and practices described herein, Defendant has received and continues to hold unlawfully obtained

5    property and money belonging to Plaintiffs and Class Members in the form of unreimbursed employee

6    business expenses that reduced or offset compensation earned by Plaintiffs and Class Members.  As a

7    direct and proximate result of Defendant's unlawful business practices, Plaintiffs and Class Members

8    have suffered economic injuries including, but not limited to out-of-pocket business expenses and

9    resulting reductions or offsets to earned compensation.  Defendant has profited from its unlawful,

10   unfair, and/or fraudulent acts and practices in the amount of those business expenses and interest

11   accrued thereon.

12        33.    Plaintiffs and similarly situated Sales Representatives are entitled to restitution pursuant

13   to Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, and interest

14   thereon accruing, from four years prior to the filing of this action to the date of such restitution, at rates

15   specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and

16   restore such profits and gains to Plaintiffs and Class Members, from whom they were unlawfully taken.

17        34.    Plaintiffs and similarly situated Sales Representatives are entitled to enforce all

18   applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

19        35.    Injunctive relief is necessary and appropriate to prevent Defendant from continuing and

20   repeating its unlawful, unfair, and fraudulent business acts and practices alleged above.

21        36.    Plaintiffs have assumed the responsibility of enforcement of the laws and public

22   policies specified herein by suing on behalf of themselves and other similarly situated members of the

23   public previously and presently employed by Defendant in California.  Plaintiffs' success in this action

24   will enforce important rights affecting the public interest.  Plaintiffs will incur a financial burden in

25   pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to

26   Plaintiffs is appropriate pursuant to Code of Civil Procedure § 1021.5.

27        37.    Plaintiffs, on behalf of themselves and similarly situated Sales Representatives, request

28   relief as described below.

247627-3

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

A.      That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and define the Class as requested herein;

B.      That the Court find and declare that Defendant's business expense policies and/or practices violate California law, including Labor Code § 2802, by refusing and/or failing to reimburse all business expenses incurred by Plaintiffs and other Sales Representatives in the discharge of their duties as employees of Defendant;

C.      That the Court find and declare that Defendant has violated Business and Professions Code § 17200 and committed unfair and unlawful business practices by failing to reimburse Plaintiffs and similarly situated Sales Representatives for business expenses incurred by them in the course of their duties for the benefit of Defendant, their employer;

D.      That the Court declare that Defendant's business expense policies and/or practices violate California law by causing a denial or forfeiture of compensation including earned wages;

E.      That the Court award to Plaintiffs and Class Members all unreimbursed business expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, in an amount to be proved at trial;

F.      That Defendant be ordered to pay restitution to Plaintiffs and the Class due to Defendant's UCL violations, pursuant to Business and Professions Code §§ 17200-17205, in the amount of their unreimbursed business expenses and interest thereon;

G.      That Defendant further be enjoined to cease and desist from the unlawful activities alleged herein in violation of Business and Professions Code § 17200;

H.      That Plaintiffs and the Class be awarded reasonable attorneys' fees and costs pursuant to Labor Code § 2802 and Code of Civil Procedure § 1021.5, and/or other applicable law;

I.      That the Court award such other and further relief as this Court may deem appropriate.

247627-3

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and the Class Members, hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated: January 24, 2011

Respectfully submitted,

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

MORRIS J. BALLER, CA Bar No. 048928
mballer@gdblegal.com
SARAH K. WEBB, CA Bar No. 263968
swebb@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

ATTORNEYS FOR PLAINTIFFS

FIRST AMENDED COMPLAINT FOR:  (1) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802); (2) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204) - CASE NO.:  CV 10-04405 JSW

247627-3