MORRIS J. BALLER, CA Bar No. 048928
mballer@gdblegal.com
SARAH K. WEBB, CA Bar No. 263968
swebb@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
  BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs

Keith R. Thorell (SBN: 199558)
Lauren Hager (SBN: 256003)
KORSHAK, KRACOFF, KONG & SUGANO, LLP
Westwood Terrace
1640 S. Sepulveda Blvd., Suite 520
Los Angeles, CA 90025
(310) 996-2340
(310) 996-2334 (Fax)

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| Gene Jovich and Hung Tran, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Southern Wine & Spirits of America, Inc., a Florida Corporation,<br><br>Defendant. | Case No.: CV 10-04405 JSW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: December 2, 2011<br>Time: 1:30 p.m.<br>Dept: 11<br>Judge: Hon. Jeffrey S. White |

Plaintiffs, Gene Jovich and Hung Tran, and Defendant, Southern Wine & Spirits of America, Inc. ("SWS"), jointly file this Statement for the Case Management Conference scheduled for December 2, 2011.

## I. OUTCOME OF MEDIATION AND SETTLEMENT PROCEEDINGS

This case seeks damages for allegedly unreimbursed business expenses incurred by a class of outside sales representatives ("Sales Reps") employed by SWS. Plaintiffs allege that the vast majority of such expenses were incurred in driving personal automobiles on sales calls and deliveries; additional expenses, much smaller in amount, were for cellular telephone expenses. As previously reported in prior Case Management Conference Statements, the parties have been engaged in good-faith settlement discussions, including plans for mediations, for approximately one year. Also as previously reported, after the inconclusive end of the first day-long mediation session in May 2011, the parties agreed to hold a second mediation after obtaining the results of a jointly commissioned and sponsored survey, carried out by a neutral third party consultant, to gather information about mileage driven by a representative sample of class members in the course of their work, as differences with regard to this factor appeared to be the principal impediment to settlement.

The parties jointly engaged a qualified consultant, approved a survey plan and survey instruments, and paid the consultant to conduct the survey. At the same time, the parties scheduled a follow-up mediation with Justice Edward Panelli, who conducted the first mediation, for November 21, 2011. The survey was conducted in September and October 2011. However, for reasons that are not clear to the parties – perhaps including resistance, not openly expressed and not known with certainty by the parties, from the labor union that represents class members - only a small minority of the survey respondents provided the mileage information requested in the survey. As a result, the limited data provided by the survey consultant could not be considered a representative sample of the classwide information, and the results could not be considered statistically reliable.

In light of those disappointing results, SWS decided, approximately two weeks before the filing of this Statement, not to proceed with the mediation. The parties have discussed the possibility of conducting another joint survey in January-February 2012, with additional steps to ensure sufficient

participation by respondents, as a prelude to a further mediation, but no decision has been taken to pursue that course.

## II. THE PARTIES' POSITIONS AS TO FURTHER PROCEEDINGS

### A. Plaintiffs' Position

Plaintiffs, having delayed the completion of their discovery and the filing of their motion for class certification for approximately one year, are unwilling to continue to defer proceeding with the litigation of this case. As suggested in the initial Case Management Conference Statement filed in this case on January 6, 2011, the parties believe that a two-stage procedure is appropriate: class certification first, then trial on the merits, with scheduling of the pre-trial and trial proceedings to be determined after the Court rules on Plaintiffs' motion for class certification. Plaintiffs now wish to proceed according to that plan.

Because of the narrow issues presented by this straightforward case, and the discovery previously conducted before mediation, Plaintiffs submit that only a short amount of time is necessary for both sides to complete class certification discovery and for Plaintiffs to file their motion for class certification. Plaintiffs propose, and request the Court to order, the schedule proposed below.

Plaintiffs may wish to amend their complaint to join one or several additional class representative(s). If so, they will seek leave to do so without delaying the proposed schedule for reaching class certification. Plaintiffs do not anticipate adding claims or factual contentions beyond those stated in their initial and first amended complaints.

| Date | Event |
|---|---|
| January 23, 2012 | Last date for Plaintiffs to file motion to amend complaint to add class representatives |
| March 23, 2012 | Cut off date for class certification discovery |
| April 6, 2012 | Plaintiffs' motion for class certification due |
| April 27, 2012 | Defendant's opposition to class certification due |
| May 11, 2012 | Plaintiffs' reply to Defendants' opposition due |
| May 25, 2012[1] | Hearing on motion for class certification |

---

[1] Or at later date available on the Court's calendar.

1  Under this proposed schedule, the parties will have ample time to complete discovery and
2  prepare fully considered pleadings on the important class certification issue in the case. They will also
3  still have until approximately March 2012 to mediate or reach a settlement in the case if they are able
4  to do so, but litigation will not be further delayed for the possibility of such a settlement.

**B. Defendant's Position.**

Defendant has no objection to Plaintiffs' wish to proceed with litigation. The parties have met and conferred and have agreed to the above dates proposed by Plaintiffs. The parties have also committed to engaging in cooperative procedures in order to ensure adequate discovery of any new class representatives prior to the proposed class certification discovery cutoff date, should the Court permit amendment to allow for additional class representatives.

### III.  CONCLUSION

The Court should enter an order setting a firm schedule for further proceedings, through class certification, in this case.

Dated: November 22, 2011         Respectfully submitted,

GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
DARDARIAN

_/s/ Morris J. Baller_
MORRIS J. BALLER, CA Bar No. 048928
mballer@gdblegal.com
SARAH K. WEBB, CA Bar No. 263968
swebb@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| 1 | Dated: November 23, 2011     KORSHAK, KRACOFF, KONG & SUGANO, LLP |

_____
Keith R. Thorell (SBN: 199558)
Lauren Hager (SBN: 256003)
Westwood Terrace
1640 S. Sepulveda Blvd., Suite 520
Los Angeles, CA 90025
(310) 996-2340
(310) 996-2334 (Fax)

ATTORNEYS FOR DEFENDANT