Clement J. Kong, Esq. (State Bar No. 69084)
Email: Clement@kkks.com
Keith R. Thorell, Esq. (State Bar No. 199558)
Email: Keith@kkks.com
Lauren F. Hager, Esq. (State Bar No. 256003)
Email: LaurenH@kkks.com
**KORSHAK, KRACOFF, KONG & SUGANO, L.L.P.**
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, California 90025
Tel: 310-996-2340; Fax: 310-996-2334

Attorneys for Defendant
SOUTHERN WINE AND SPIRITS OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE JOVICH and HUNG TRAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN WINE & SPIRITS OF AMERICA, INC.,<br><br>Defendant | CASE NO.: CV 10-04405 JSW<br><br>STIPULATION AND [PROPOSED] ORDER RE CONDUCTING SURVEY FOR SETTLEMENT PURPOSES ONLY<br><br>Hon. Jeffrey S. White, presiding |

Defendant Southern Wine & Spirits of America, Inc. and Plaintiffs Hung Tran and Gene Jovich (the "parties") hereby enter into this Stipulation based on the following facts:

1. On August 5, 2011 the parties entered into an agreement, subject to mediation and settlement privileges, to hire an expert (hereafter "Joint Expert") to undertake a survey of a representative and statistically relevant sample of putative class members. Among other things, the agreement provides that the parties must maintain any survey results in a confidential manner and that no survey results may be used in any judicial proceeding against any party and can only be used for settlement negotiations and/or mediation. Moreover, the agreement provides that any information obtained as part of the survey is privileged from discovery. The agreement further provides that the survey may not be used as evidence in this or any other case. Finally, the agreement states that the Joint Expert and the Joint Expert's firm may not provide evidence or testimony on behalf of any party to this case.

2. Based on the parties' agreement, the Joint Expert undertook a survey of a statistically relevant, representative sample of the putative class to determine mileage driven for business purposes.

3. Through no fault of any party to this Action, the survey response was inadequate. Specifically, only a small portion of the survey participants responded to the survey rendering the results not representative of the putative class and not statistically relevant.

4. The parties believe that a second survey, in which a representative and statistically relevant number of survey participants respond, could assist greatly in providing common ground for settlement discussions.

5. The parties agree that Defendant will work with the Joint Expert to draft and deliver a letter to survey participants selected by the Joint Expert stressing the requirement of participation. The parties further agree that each party will refrain from interfering in the survey in any way.

6. The parties believe that a Court order commanding survey compliance will assist in obtaining meaningful information from the Joint Expert's survey that will facilitate settlement discussions.

THEREFORE, the parties jointly stipulate to entry of the proposed Order set forth below, ordering the parties to conduct the survey, to ensure the cooperation of all parties, and requiring participation of survey respondents identified by the Joint Expert.

IT IS SO STIPULATED.

Dated: January 6, 2012          KORSHAK, KRACOFF, KONG & SUGANO, LLP

_____
Keith R. Thorell
Attorneys for Defendant
SOUTHERN WINE & SPIRTIS OF AMERICA, INC.

Dated: January 13, 2012          GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

_____
MORRIS J. BALLER
Attorneys for Plaintiffs
GENE JOVICH and HUNG TRAN

~~[Proposed]~~ ORDER

Based on the foregoing stipulation of the parties to this action, and GOOD CAUSE appearing, it is hereby ORDERED that:

The parties are ordered to undertake a second survey of a statistically relevant and representative sample of putative class members under the terms of the parties' August 5, 2011 agreement. The parties must maintain any survey results confidentially and no survey results, nor any other information obtained as part of the survey, may be used in any judicial proceeding against any party. Moreover, the information obtained as part of the survey is privileged from discovery and can only be used or disclosed by the parties in settlement discussions or mediation, and no party may use the Joint Expert who is to conduct the second survey and who conducted the first survey as a party witness in this action.

The parties are further ordered to take all necessary and appropriate steps to ensure participation from survey participants. Participation of putative class members identified by the Joint Expert to participate in the survey is mandatory.

The parties are ordered to inform the Court expeditiously should any deficiency in survey participation appear.

Dated: January 17, 2012

APPROVED
Judge Nandor J. Vadas

Honorable Nandor J. Vadas
UNITED STATES MAGISTRATE JUDGE