Clement J. Kong, Esq. (State Bar No. 69084)
Email: Clement@kkks.com
Keith R. Thorell, Esq. (State Bar No. 199558)
Email: Keith@kkks.com
Lauren F. Hager, Esq. (State Bar No. 256003)
Email: LaurenH@kkks.com
**KORSHAK, KRACOFF, KONG & SUGANO, L.L.P**.
1640 S. Sepulveda Boulevard, Suite 520
Los Angeles, California 90025
Tel. 310-996-2340; Fax: 310-996-2334

Attorneys for Defendant
SOUTHERN WINE AND SPIRITS OF AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GENE JOVICH and HUNG TRAN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SOUTHERN WINE & SPIRITS OF AMERICA, INC.,

Defendant

CASE NO.: CV 10-04405 JSW

DEFENDANT SOUTHERN WINE & SPIRITS OF AMERICA, INC.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Hon. Jeffrey S. White, presiding

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant SOUTHERN WINE & SPIRITS OF AMERICA, INC. ("Defendant") hereby answers the Second Amended Complaint ("SAC") of Plaintiffs Gene Jovich ("Jovich"), Hung Tran ("Tran"), and Leonard Greilich ("Greilich") (collectively "Plaintiffs"). Defendant answers and alleges as follows:

**INTRODUCTION**

1. In answer to paragraph 1 of the SAC, Defendant specifically denies each and every allegation contained therein.

2. In answer to paragraph 2 of the SAC, Defendant specifically denies each and every allegation contained therein.

3. In answer to paragraph 3 of the SAC, Defendant admits that it employed Plaintiffs in the past. In addition, Defendant admits that it employs sales representatives to sell wine and spirits to customers. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 3.

4. In answer to paragraph 4 of the SAC, Defendant specifically denies each and every allegation contained therein.

5. In answer to paragraph 5 of the SAC, Defendant specifically denies each and every allegation contained therein.

**JURISDICTION AND VENUE**

6. In answer to paragraph 6 of the SAC, Defendant admits the allegations contained therein.

7. In answer to paragraph 7 of the SAC, Defendant admits that venue is proper in this District. Defendant admits that it employs sales representatives and that it maintains at least one office in this District. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 7.

**PARTIES**

8. In answer to paragraph 8 of the SAC, as to the allegation that Plaintiff Jovich is a resident of Grass Valley, California, Defendant is without sufficient knowledge or information to form a belief as to the truth of that allegation and, on that basis, denies the allegation. Defendant

admits that it employed Jovich as a sales representative out of the Union City, California facility from approximately 1989 to July 2010. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 8.

9. In answer to paragraph 9 of the SAC, as to the allegation that Plaintiff Tran is a resident of Rosemead, California, Defendant is without sufficient knowledge or information to form a belief as to the truth of that allegation and, on that basis, denies the allegation. Defendant admits that it employed Tran as a sales representative out of the Cerritos, California facility in the past. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 9.

10. In answer to paragraph 10 of the SAC, as to the allegation that Plaintiff Greilich is a resident of Sacramento, California, Defendant is without sufficient knowledge or information to form a belief as to the truth of that allegation and, on that basis, denies the allegation. Defendant admits that it employed Greilich as a sales representative and that he worked for Defendant from approximately October 1986 to approximately June 2009. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 10.

11. In answer to paragraph 11 of the SAC, Defendant admits the allegations contained therein.

12. In answer to paragraph 12 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations.

**FACTUAL BACKGROUND**

13. Defendant admits that it has operated and done business in California during the four years preceding the filing of the original Complaint in this action. Defendant admits that it employed Plaintiffs and that it employed and has employed sales representatives in California. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 13.

14. In answer to paragraph 14 of the SAC, Defendant specifically denies each and every allegation contained therein.

15. In answer to paragraph 15 of the SAC, Defendant specifically denies each and every allegation contained therein.

16. In answer to paragraph 16 of the SAC, Defendant specifically denies each and every allegation contained therein.

17. In answer to paragraph 17 of the SAC, Defendant specifically denies each and every allegation contained therein.

18. In answer to paragraph 18 of the SAC, Defendant specifically denies each and every allegation contained therein.

**CLASS ACTION ALLEGATIONS**

19. In answer to paragraph 19 of the SAC, Defendant specifically denies each and every allegation contained therein.

20. In answer to paragraph 20 of the SAC, Defendant admits that it has employed more than 250 Sales Representatives in California in the four years preceding the filing of the original Complaint in this action. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 20.

21. In answer to paragraph 21 of the SAC, Defendant specifically denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**
**(CALIFORNIA LABOR CODE § 2802)**

22. In answer to paragraph 22 of the SAC, Defendant re-alleges and incorporates each and every response in paragraph 1-21 above as though fully set forth herein. Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 22.

23. In answer to paragraph 23 of the SAC, Defendant admits that California Labor Code section 2802 reads, *inter alia*, as quoted.

24. In answer to paragraph 24 of the SAC, Defendant specifically denies each and every allegation contained therein.

25. In answer to paragraph 25 of the SAC, Defendant specifically denies each and every allegation contained therein.

26. In answer to paragraph 26 of the SAC, Defendant specifically denies each and every allegation contained therein.

27. In answer to paragraph 27 of the SAC, Defendant specifically denies each and every allegation contained therein.

28. In answer to paragraph 28 of the SAC, Defendant specifically denies each and every allegation contained therein.

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(CALIFORNIA BUS. & PROF. CODE § 17200)**

29. In answer to paragraph 29 of the SAC, Defendant re-alleges and incorporates each and every response in paragraph 1-28 above as though fully set forth herein. Except as so re-alleged and incorporated, Defendant specifically denies each and every allegation contained in paragraph 29.

30. In answer to paragraph 30 of the SAC, Defendant admits that the chapter beginning with section 17200 of the California Business & Professions Code prohibits unfair competition in the form of any unlawful or fraudulent business practice. In addition, Defendant admits that section 17204 allows "a person who has suffered injury in fact and has lost money or property" to bring a representative action. Except as so admitted, Defendant specifically denies each and every allegation contained in paragraph 30.

31. In answer to paragraph 31 of the SAC, Defendant specifically denies each and every allegation contained therein.

32. In answer to paragraph 32 of the SAC, Defendant specifically denies each and every allegation contained therein.

33. In answer to paragraph 33 of the SAC, Defendant specifically denies each and every allegation contained therein.

34. In answer to paragraph 34 of the SAC, Defendant specifically denies each and every allegation contained therein.

35. In answer to paragraph 35 of the SAC, Defendant specifically denies each and every allegation contained therein.

36. In answer to paragraph 36 of the SAC, Defendant specifically denies each and every allegation contained therein.

37. In answer to paragraph 37 of the SAC, Defendant specifically denies each and every allegation contained therein.

38. In answer to paragraph 38 of the SAC, Defendant specifically denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

39. Without conceding that any act of Defendant caused damage to Plaintiffs or any other person in any respect and without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs, Defendant hereby asserts separate and independent affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

40. Neither the SAC, nor any purported cause of action asserted therein, states facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Estoppel)

41. By conduct, representations, and omissions, Plaintiffs, and each of them, are estopped from asserting any claim for relief against Defendant respecting the matters which are the subject of the SAC.

**THIRD AFFIRMATIVE DEFENSE**

(Forum Non Conveniens)

42. Defendant is a Florida corporation with its principal place of business in Florida. Thus, California and the Northern District of California are inconvenient fora for this action.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

43. Plaintiffs, and each of them, have failed to mitigate their damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs, and each of them, must be reduced accordingly.

**FIFTH AFFIRMATIVE DEFENSE**

(Good Faith)

44. Defendant and its agents complied, or sought in good faith to comply, with all obligations under the law at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Contractual Remedies)

45. This Court has no jurisdiction over the subject matter of the SAC, nor over the subject matter of any of the purported causes of action alleged therein because Plaintiffs, and each of them, have failed to exhaust the exclusive contractual remedies which are set forth in a collective bargaining agreement between Defendant and the union which represents Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

46. Plaintiffs, and each of them, have unclean hands and are therefore barred from obtaining any relief under any of the purported causes of action contained in the SAC.

**EIGHTH AFFIRMATIVE DEFENSE**

(Statutes of Limitation)

47. Plaintiffs' claims are barred by all applicable statutes of limitation including, but not limited to, California Code of Civil Procedure section 338 and California Business and Professions Code section 17208.

**NINTH AFFIRMATIVE DEFENSE**

(Waiver)

48. By conduct, representations, and omissions, Plaintiffs, and each of them, have

waived, relinquished, or abandoned any claim for relief against Defendant respecting the matters which are the subject of the SAC.

**TENTH AFFIRMATIVE DEFENSE**

(Payment)

49. Any unpaid expense reimbursements alleged by the SAC were paid in full at or before the time they were due and owing.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

50. Plaintiffs, and each of them, lack standing to assert some or all of their claims.

**TWELFTH AFFIRMATIVE DEFENSE**

(Laches)

51. The SAC is barred by the doctrine of laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

52. Plaintiffs, and each of them, had a duty to avoid any harm or damage alleged but failed to take advantage of any preventive or corrective opportunities provided by Defendant, and to the extent of such failure, any damages awarded to Plaintiffs, and each of them, must be reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Consent)

53. Each of Plaintiffs' claims is barred, in whole or in part, because Plaintiffs, and each of them, expressly and/or impliedly consented to the alleged actions or conduct of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Arbitrate)

54. This Court has no jurisdiction over the subject matter of the SAC, nor over the subject matter of any of the purported causes of action alleged therein because the controversies alleged in the SAC and each cause of action therein are subject to a written agreement to arbitrate contained in a collective bargaining agreement between Defendant and the union which

represented Plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(NLRA Preemption)

55. The SAC, and each purported cause of action alleged therein, fail to allege facts sufficient to constitute causes of action against Defendant because the National Labor Relations Act, 29 U.S.C. § 151, et seq., grants exclusive jurisdiction over the subject matter of the SAC and the purported causes of action alleged therein to the National Labor Relations Board.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Join Indispensable Parties)

56. The SAC is defective in that Plaintiffs have failed to join all indispensible parties.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Failure to State Facts Sufficient to Constitute a Class Action)

57. The SAC's class action allegations, and each purported cause of action brought on behalf of a class of putative plaintiffs therein, fail to state facts sufficient to establish (a) an ascertainable class, (b) a community of interest among the potential claimants, and (c) a substantial benefit to the parties and the Court sufficient to maintain a class action. This action also may not properly be maintained as a class action because (a) the named plaintiffs will not fairly and adequately protect the interests of the putative class, (b) common issues of law and fact, if any, do not predominate over individual issues, (c) a class action is not superior to other available methods for the fair and efficient adjudication of the controversy, and (d) other requirements of maintaining this action as a class action have not been met.

**NINTEENTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

58. Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Damages Not Permitted Under California Unfair Competition Law)

59. Plaintiffs' claims are barred, in whole or in part, because the damages Plaintiffs

seek are not permitted under the California Unfair Competition Law, California Business and Professions Code §§ 17200 et seq.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Section 301 Preemption)

60. The SAC, and each purported cause of action alleged therein, are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Lack of Knowledge)

61. The SAC, and each purported cause of action alleged therein, are barred because Defendant did not know and/or had no reason to know that Plaintiffs, and each of them, and any putative class member, incurred an unreimbursed expense.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Due Process)

62. The adjudication of Plaintiffs' claims violates the Due Process provisions of the Constitution of the United States and comparable provisions of the Constitution of the State of California.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal Grievance Procedures)

63. Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiffs' claims are barred in whole or in part on the grounds that Plaintiffs, and each of them, and/or each of the putative class members unreasonably failed to take advantage of Defendant's internal grievance procedures designed to provide, respond to, correct or remedy, or otherwise avoid the alleged harm, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

64. The SAC, and each purported cause of action alleged therein, are barred because Plaintiffs, and each of them, failed to pursue administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency.

Plaintiffs and each of the putative class members should be ordered to pursue administrative remedies with the California Division of Labor Standards Enforcement and/or the Labor and Workforce Development Agency, which have primary jurisdiction over Plaintiffs' claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Primary Jurisdiction Doctrine)

65. The SAC, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiffs, and each of them, should be forced to pursue their administrative remedies with the California Labor and Workforce Development Agency and/or the California Labor Commissioner, Division of Labor Standards Enforcement, which have primary jurisdiction over their claims.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Business and Professions Code §§ 17200, et seq. Inapplicable)

66. Plaintiffs' claims under California Business and Professions Code §§ 17200, et seq. are barred because Defendant did not engage in any unfair business practice to the detriment of consumers.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(No Representative Claim)

67. Plaintiffs' claims under California Business and Professions Code §§ 17200, et seq. are not appropriate for resolution on a representative basis.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Lack of Injury in Fact)

68. Plaintiffs' claims under California Business and Professions Code §§ 17200, et seq. are barred because Plaintiffs, and each of them, did not suffer actual injury or loss of money or property as a result of any of the conduct alleged in the SAC.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Legitimate Business Purpose)

69. Defendant alleges that it cannot be held liable for any alleged violation of California Business and Professions Code §§ 17200, et seq. because its actions, conduct, and

dealings with employees were lawful, and were carried out in good faith for legitimate business purposes.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(No Restitution)

70. Defendant alleges that it cannot be held liable for restitution under California Business and Professions Code §§ 17200, et seq. because Plaintiffs, and each of them, cannot show that they are owed a specific amount of money by Defendant.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Set-Off or Recoupment)

71. Some or all of the purported causes of action in the SAC are subject to set-off, offset, and/or recoupment.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Detrimental Reliance)

72. Plaintiffs, and each of them, are barred from recovering any relief on the SAC or any purported cause of action alleged therein because Defendant relied on representations made by Plaintiffs, and each of them, in taking actions alleged in the SAC.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(No Causation)

73. The alleged damages, if any, were caused by circumstances, parties, and/or actions other than those identified in the SAC.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Authorization or Ratification)

74. Defendant did not authorize or ratify any unlawful conduct.

**RESERVATION OF RIGHTS**

75. Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses are available to it.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs, and each of them, take nothing by way of their SAC;
2. That judgment be entered in favor of Defendant and against Plaintiffs, and each of them;
3. For reasonable attorneys' fees, as appropriate, and costs of suit incurred herein; and,
4. For such other and further relief as the Court may deem just and proper.

Dated: March 2, 2012

KORSHAK, KRACOFF, KONG & SUGANO, LLP

/s/ Keith R. Thorell

Attorneys for Defendant
SOUTHERN WINE & SPIRTIS OF AMERICA, INC.