MORRIS J. BALLER, CA Bar No. 048928
mballer@gdblegal.com
JAMES KAN, CA Bar No. 240749
jkan@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND, CA Bar No. 268489
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA  90035
(310) 601-6766
(310) 295-2385 (Fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| Gene Jovich, Hung Tran, and Leonard Greilich individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Southern Wine & Spirits of America, Inc., a Florida Corporation,<br><br>　　　　　Defendant. | Case No.:  CV 10-04405 JSW<br><br>**DECLARATION OF GENE JOVICH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: September 14, 2012<br>Time: 9:00 a.m.<br>Dept. 11<br>Hon. Jeffrey S. White |

---

DECLARATION OF GENE JOVICH IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - CASE NO.:  CV 10-04405 JSW

403074-4

I, Gene Jovich, declare as follows:

1. I am the named Plaintiff in this case. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. I was employed by Southern Wine & Spirits of America, Inc. ("SWS"), as a Sales Representative from approximately December 1989 to July 2010 in Union City, California.

3. I first became involved in this lawsuit in approximately 2010. After several telephone conversations and an in-person meeting with attorneys from Goldstein Demchak Baller Borgen & Dardarian ("GDBBD") and HammondLaw ("Hammond"), I agreed to serve as a named Plaintiff.

4. As a named Plaintiff, I spent time gathering materials, including all of the documents I had in my possession related to my employment with SWS. I was regularly in contact with the attorneys and staff at GDBBD to provide additional information, as needed, for the litigation, including multiple phone conversations over several months. I traveled to the offices of GDBBD four times during the course of this case to meet with the attorneys and discuss the case.

5. One of my duties during the litigation was to respond to SWS's written discovery requests. I spent several hours reviewing discovery requests and responding to them with my attorneys. In response to SWS's requests for production of documents, I located and helped produce about 330 pages of documents.

6. Attorneys for SWS took my deposition on April 5, 2011. Prior to the deposition, I spent several hours talking with my lawyers on the phone about the deposition and then meeting with them the day before the deposition at the office of GDBBD  The deposition itself lasted one day from approximately 9:00 a.m. to almost 5:00 p.m. The deposition was held in Sacramento, California and required me to travel over two hours round trip from Grass Valley, California to attend.

7. Throughout the course of this litigation, I continued to be in touch with other class members who had questions about the case or class members who I thought would be good witnesses and willing to submit declarations about their work experience at SWS.

8.      On May 3, 2011, I traveled to GDDBD offices from Grass Valley to Oakland, California to prepare for the parties' first mediation session. I spent approximately 2.5 hours meeting with the lawyers in preparation of the mediation scheduled for May 4, 2011.

9.      On May 4, 2011, I attended and participated in a full-day mediation with all parties and mediator and retired judge Edward Panelli in San Francisco, California. I spent approximately 8.5 hours on May 4, 2011, attending the mediation, meeting with counsel about the mediation, and reviewing documents related to the mediation. I also spent approximately 7 hours traveling to and from Grass Valley, California, to San Francisco in order to attend the mediation.

10.     On May 9, 2012, I attended and participated in a second full-day mediation with all parties and mediator retired judge Edward Panelli in San Francisco. I spent approximately 8.5 hours on May 9, 2012, attending the mediation, meeting with counsel about the mediation, and reviewing documents related to the mediation. I also spent approximately 7 hours traveling to and from Grass Valley to San Francisco.

11.     Since the second mediation, I have spent several hours in telephone conversations and email exchanges with counsel and reviewing and approving documents related to the settlement.

12.     In total, I estimate that I have spent approximately 105 hours engaged in activities related to this litigation and I expect to spend more time in the near future, including time consulting with counsel.

13.     I believe that the settlement agreement is in the best interests of the Class Members. The settlement agreement will provide up to $3,500,000 in monetary relief to the settlement Class.

///
///
///
///
///
///
///
///

14. In addition, I believe that a $10,000 named plaintiff service award is fair, reasonable, and adequate for the many hours I spent participating in the prosecution of this case, in addition to the potential risk for SWS's costs if I did not win this lawsuit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on July 6, 2012, in Grass Valley (city), California.

Gene Jovich