1  MORRIS J. BALLER, CA Bar No. 048928
   mballer@gdblegal.com
2  JAMES KAN, CA Bar No. 240749
   jkan@gdblegal.com
3  GOLDSTEIN, DEMCHAK, BALLER,
       BORGEN & DARDARIAN
4  300 Lakeside Drive, Suite 1000
   Oakland, CA  94612
5  (510) 763-9800
   (510) 835-1417 (Fax)
6
   JULIAN HAMMOND, CA Bar No. 268489
7  Hammond.julian@gmail.com
   HammondLaw, PC
8  1180 S. Beverly Drive, Suite 601
   Los Angeles, CA  90035
9  (310) 601-6766
   (310) 295-2385 (Fax)
10
   Attorneys for Plaintiffs
11

12              IN THE UNITED STATES DISTRICT COURT

13       FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

14

15 | Gene Jovich, Hung Tran, and Leonard Greilich, | Case No.:  CV 10-04405 JSW
   | individually and on behalf of all others similarly |
   | situated, | [PROPOSED] ORDER GRANTING
16 |  | PLAINTIFFS' MOTION FOR
   | Plaintiffs, | PRELIMINARY APPROVAL
17 |  |
   | vs. | Date: September 14, 2012
18 |  | Time: 9:00 a.m.
   | Southern Wine & Spirits of America, Inc., a | Dept.: 11
19 | Florida Corporation, | Honorable Jeffrey S. White
   |  |
20 | Defendant. |

21

22

23

24

25

26

27

28

1     The unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs

2   Gene Jovich, Hung Tran, and Leonard Greilich ("Class Representatives" or "Plaintiffs"), ~~came on for~~

3   ~~hearing regularly in Courtroom 11 of the above captioned court, Hon. Jeffrey S. White presiding. All~~

4   ~~parties appeared by counsel of record.~~  Defendant Southern Wine and Spirits of America, Inc.,

5   ("SWS" or "Defendant") did not oppose the motion.

6     Having fully received and considered the Plaintiffs' Notice of Motion, supporting Memorandum

7   of Points and Authorities, Declarations of Morris J. Baller, Julian Hammond, Gene Jovich, Hung Tran,

8   Leonard Greilich, the Joint Stipulation and Class Action Settlement ("Settlement Agreement"), the

9   proposed Class Notice, Estimated Payment Forms (alternative versions) and the Claim Form, and the

10  oral argument presented to the Court, the Court hereby rules as follows:

11    1.     The Court GRANTS the parties' request for Preliminary Approval of the Settlement

12  Agreement.

13    2.     The Court further GRANTS the parties' request for certification of the following Rule

14  23 Settlement Class for the sole and limited purpose of implementing the terms of the Settlement

15  Agreement, subject to this Court's final approval:

16        All persons employed by Southern Wine & Spirits of America, Inc. as a union sales
          representative, including, but not limited to, the positions of PWS On-Sale
17        Salesperson, PWS Off-Sale Salesperson, PWS Combo Salesperson, SWS On-Sale
          Salesperson, SWS Off-Sale Salesperson and SWS Combo Salesperson, and
18        substantially similar variations of such titles, within the State of California during the
          period of August 17, 2006 through May 31, 2012.
19

20  The Court recognizes that certification under this Order is for settlement purposes only, and shall not

21  constitute or be construed as an admission by Defendant that this action is appropriate for class

22  treatment for litigation purposes.  Entry of this Order is without prejudice to the rights of Defendant

23  to oppose certification of a class in this action, and/or to seek decertification or modification of the

24  Settlement Class should the proposed Settlement Agreement not be granted final approval.

25    3.     The Court preliminarily APPOINTS Plaintiffs' Counsel, Goldstein Demchak Baller

26  Borgen & Dardarian, and HammondLaw PC., as Class Counsel and Plaintiffs Jovich, Tran, and

27  Greilich as Class Representatives.

28

4.     The Court further preliminarily APPROVES the form and content of the Settlement Agreement, proposed Class Notice, proposed Estimated Payment Form and Claim Form, which are attached as exhibits B, C and D to the Settlement Agreement and are attached to this Order as Exhibit 1.  The parties are authorized to make non-substantive changes to the proposed Class Notice, proposed Estimated Payment Form and Claim Form, that are consistent with the terms of the Stipulation of Settlement and this Order.

5.     The Court further APPROVES the selection of Kurtzman Carson Consultants LLC, as the Settlement Administrator, and the payment of reasonable administration costs, up to a maximum of $22,5000 ($27,500 if a second distribution to class members is necessary), to be paid from the Settlement Fund.  The Settlement Administrator shall take all other actions in furtherance of obtaining correct mail address information for Class Members and giving of notice, determination of Class Member payment amounts, receiving and processing Class Member challenges, opt-outs, and objections, and other claims administration functions, as are specified in the Settlement Agreement.  In addition to the mailing of the Notice by the Settlement Administrator to Class Members by first class U.S. Mail, the Settlement Administrator and one of the Class Counsel firms shall post the Settlement Agreement, the Notice and Forms, and the Court's Order Granting Preliminary Approval, on a website; and the mailed Notice shall inform Class Members of the website addresses and directions by which those documents may be accessed on-line.

6.     The Court further preliminarily APPROVES the payment of (1) service payments to the named Plaintiffs/Class Representatives litigation in total amount of $30,000, with $10,000 paid to each of the named Plaintiffs, (2) costs to Class Counsel up to a maximum of $55,889, and (3) payment of attorneys' fees to Class Counsel in the amount of $1,050,000, all as specified in the Settlement Agreement, subject to further order of the Court upon consideration of final approval of the Settlement Agreement.

7.     Accordingly, good cause appearing, the Court hereby APPROVES the proposed Class Notice and adopts the following dates and deadlines:

///

| Within 20 days of preliminary approval | Settlement Administrator to mail Notice to Class. |
| No later than 30 days after mailing of Notice | Settlement Administrator to mail reminder post-card mailed to non-responding Class Members sent Claim Forms. |
| Postmarked no later than 45 days after mailing of Notice | Deadline for Class Members to submit to the Settlement Administrator challenges to the weeks worked as set forth Estimated Payment Form. |
| No later than 15 days prior to the end of the period for Class Members to object to or opt out of settlement | Class Counsel to file motion for final approval of award of attorneys' fees and costs. Class Counsel and Settlement Administrator to post copy of motion on websites at addresses provided to Class Members. |
| Postmarked no later than 60 days after the Initial Mailing of Notice of Class Action Settlement | Deadline for Eligible Class Members to object to or request exclusion from settlement. Also deadline for formerly employed Class Members to submit timely Claim Forms. |
| No later than 15 days prior to the Final Fairness and Final Approval Hearing | Deadline for Class Counsel to submit their Motion for Judgment and Final Approval. |
| No later than 5 days prior to Final Fairness and Final Approval Hearing | Settlement Administrator to submit declaration regarding notice mailing and class member responses, including opt-outs and objections, to Court. |
| On _____, or the first date available thereafter | Final Fairness and Final Approval Hearing. |

8.　　Pursuant to Federal Rule of Civil Procedure 23(e)(5), members of the Settlement Class may object to the terms of the settlement. Members of the Settlement Class who object to the proposed Settlement may appear and present such objections at the Final Approval Hearing in person or by counsel, provided that any objecting Settlement Class Members submit a written statement containing the name, address, and last four Social Security numbers of the objecting Settlement Class Member and the basis of that person's objections, together with a notice of the intention to appear, if appropriate, which must be sent to the Settlement Administrator and postmarked no later than sixty (60) days from the date on which the Notices are first sent out by the Settlement Administrator. No person shall be heard at the Final Approval Hearing, and no briefs or papers shall be received or

considered, unless the foregoing documents have been filed and served as provided in this Order, except as this Court may permit for good cause shown.  Settlement Class Members shall be permitted to withdraw their objections in writing by submitting a withdrawal statement to the Settlement Administrator not later than three (3) business days prior to the Court's final approval hearing

9.     Class Counsel shall file a memorandum of points and authorities in support of the final approval of the Settlement Agreement and their request and motion for approval of the agreed upon attorneys' fees and litigation expenses no later than _____, fifteen (15) calendar days before the end of the time within which Class Members may object to or opt out of the settlement.

10.     Counsel shall return before this Court for a Final Approval Hearing, at which the Court shall finally determine whether the settlement is fair, reasonable, and adequate, on _____December 7_____, 2012, at ___9:00 a.m.___ in Courtroom 11 of this Court.

Dated: ____July 27_____, 2012     _____

HON. JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

402814-5

# EXHIBIT 1

*Gene Jovich, et al. v. Southern Wine & Spirits of America, Inc.*, Case No. CV10-04405 JSW

*UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**If you were employed by Southern Wine & Spirits of America, Inc. as a union Sales Representative,** as defined under heading 1 below, , **in the State of California at any time during the period of August 17, 2006 through May 31, 2012, you could receive a payment from a proposed class action settlement.**

*This Notice was authorized by the Court. This is not a solicitation from a lawyer.*

You are not being sued. Read this Notice carefully, your legal rights are affected whether you act or not.

- A settlement has been reached between three former Sales Representatives, plaintiffs Gene Jovich, Hung Tran, and Leonard Greilich ("Plaintiffs"), individually and on behalf of the Class, and defendant Southern Wine & Spirits of America, Inc. ("SWS").

- The settlement resolves a class action lawsuit alleging SWS failed to reimburse Sales Representatives for business expenses incurred while they carried out their daily sales duties while away from office locations. SWS strongly denies all the claims and contentions alleged in the lawsuit and maintains it has fully complied with the law.

- The parties have reached a settlement to avoid the costs and risks of litigation. The Settlement provides cash payments to Participating Settlement Class Members based on the number of Weeks Worked for SWS as a Sales Representative in California during the Class Period as described below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM (IF REQUIRED)** | **Former SWS Employees:** If as of May 31, 2012 you were not employed by SWS in any position, the only way to receive a cash payment is to submit a valid and timely Claim Form. (*See enclosed Claim Form and Instructions*). <br><br> **Current SWS Employees:** If as of May 31, 2012 you were employed by SWS as Sales Representative or in any other position, you do not need to do anything to participate in the Settlement. If you do nothing, you will receive a cash payment automatically if the Court approves the proposed Settlement. |
| **REQUEST EXCLUSION FROM THE SETTLEMENT** | If you wish to be excluded from the settlement, you must submit a written Request for Exclusion according to the instructions contained in this Notice. If you submit a Request for Exclusion, you will not be bound by the Settlement and you will not receive any cash payment. |

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | **Former SWS Employees:** If you were not employed by SWS in any position as of May 31, 2012 and you do nothing, you will not receive a cash payment, and you will lose your right to bring or participate in any similar action against SWS.<br><br>**Current SWS Employees:** If you were employed by SWS in any position as of May 31, 2012 and do nothing you will receive a cash payment based on the number of Weeks Worked identified in the enclosed Share Form and will give up the right to bring or participate in any similar action that may be filed against SWS. |
| **OBJECT** | Object and tell the Court why you don't like the settlement. If the Court approves the settlement despite your objection, you will still be bound by the settlement. |

- **Your options are more fully explained in this notice below. The deadline to submit a claim, submit an objection or request exclusion is [60 days from date of mailing].**

## 1. Why did I receive this notice?

The Plaintiffs and SWS have entered into a Joint Stipulation and Class Action Settlement Agreement ("Settlement Agreement") that will, if finally approved by the Court, fully resolve this case. The Settlement Agreement sets forth the details of the settlement. You may obtain a copy of the Settlement Agreement from either the Settlement Administrator or Class Counsel. (Details concerning where to get additional information, including a copy of the Agreement, are provided at the end of this Notice.) The proposed Settlement Agreement has been submitted to the Court, and has been preliminarily approved for settlement purposes only. The Court also appointed the law firms of Goldstein Demchak Baller Borgen & Dardarian and HammondLaw as Class Counsel to represent you and the Settlement Class.

SWS's records show that you are a Member of the Class preliminarily approved by the Court, which is defined as follows:

> All persons employed by Southern Wine & Spirits of America, Inc. as a union sales representative, including, but not limited to, the positions of PWS On-Sale Salesperson, PWS Off-Sale Salesperson, PWS Combo Salesperson, SWS On-Sale Salesperson, SWS Off-Sale Salesperson and SWS Combo Salesperson, and substantially similar variations of such titles, within the State of California during the period of August 17, 2006 through May 31, 2012 ("Sales Representatives").

As a Class Member, you may be entitled to share in the funds to be made available for settlement of this class action. <u>You are not being sued and you will not be individually responsible for any of the attorneys' fees or costs of the litigation as the settlement requires those amounts to be paid from the Total Settlement Sum paid by SWS.</u> However, your rights will be affected by the Settlement Agreement described in this Notice whether you act or not. This Notice explains the lawsuit, the settlement and your legal rights.

The Court must finally approve the terms of the settlement described below as fair and reasonable to the Settlement Class, before it will take effect. This process will take approximately four (4) months. If approved, the settlement will affect all Class Members who do not exclude themselves from the

Settlement Class. An Administrator that has been appointed by the Court will make all approved settlement payments after the Court orders them. Those settlement payments are described in this Notice.

| **2.** | **What is the case about?** |
|---|---|

On August 17, 2010, Hung Tran, a former Sales Representative, filed a class action in the Superior Court of California, County of Alameda. SWS removed the case to Federal Court, which is now handling the settlement procedures. The Plaintiff, individually and on behalf of all other Sales Representatives, alleged that they were not fully reimbursed for day-to-day business expenses that they incurred while working for SWS, including vehicle usage costs (i.e., mileage) and cell phone use in violation of the California Labor Code, and that SWS engaged in unfair business practices in violation of Business & Professions Code §§ 17200 *et seq*. Later in the case, two other Plaintiffs – Gene Jovich and Leonard Greilich – joined the lawsuit. SWS denies all the claims and contentions alleged in the lawsuit and maintains it has fully complied with the law. The Court has not ruled on whether SWS violated the law as Plaintiffs allege, but the Plaintiffs and SWS have agreed on the settlement terms described below.

| **3.** | **What are the settlement terms and how much can I expect to receive if I participate?** |
|---|---|

      **a.**      **Overall summary of settlement terms**

SWS will pay Three Million Five Hundred Thousand Dollars ($3,500,000) to settle this case (the "Total Settlement Sum"). From that amount, payments will be made to Class Counsel for attorneys' fees and costs, to the Settlement Administrator for administration costs, to the Named Plaintiffs for their representation of the Class and to a Reserve Fund (of $50,000) established to provide payments to certain Class Members who, through no fault of their own, cannot be located or fail to respond in a timely manner. The amounts of these various payments are described in this Notice below. After deduction of these amounts, the remainder – the "Net Settlement Fund" – of approximately $2,285,000, will be distributed to Participating Settlement Class Members. The maximum dollar amount that an individual Class Member – one who worked as a Sales Representative throughout the entire Class Period - can receive if he or she participates in the Settlement, assuming 100% participation, is estimated to be $4,500. Assuming 100% participation, the average amount that each Participating Settlement Class Member will receive is estimated to be $2,625.

Your individual Settlement Award will be based on your status as a Participating Settlement Class Member and the number of compensable weeks you worked as a Sales Representative for SWS during the Class Period ("Weeks Worked"), as a pro-rata percentage of the total weeks worked by all SWS Sales Representatives during the Class Period. Payment amounts for Weeks Worked will be weighted by period, i.e. more heavily weighted for Weeks Worked in earlier portions of the Class Period due to the smaller expense allowances in effect then and the longer period for accrual of interest on the allegedly unreimbursed expenses incurred then.

      **b.**      **Calculation of individual class member payments**

The following formula will be used to calculate your individual Settlement Award:

      (1)      For participating in the settlement, you will receive a $250.00 Class Participation Award.

      (2)      You will also receive an Individual Expense Reimbursement Payment from the Expense Reimbursement Payments Fund, which is the Net Settlement Fund less all paid Class Participation Awards.

-3-

       i.       You will earn points for the weeks you worked during certain parts of the Class Period, including holiday, vacation, and sick days, but excluding leaves of absence and suspensions.

           1.    Weeks worked during August 17, 2006 to May 31, 2008 = 4 points each;

           2.    Weeks worked during June 1, 2008 to May 31, 2009 = 3 points each;

           3.    Weeks worked during June 1, 2009 to May 31, 2010 = 2 points each;

           4.    Weeks worked during June 1, 2010 to May 31, 2011 = 1 point each;

           5.    Weeks worked during June 1, 2011 to May 31, 2012 = ½ point each.

       ii.      Your Weeks Worked Points will be totaled up and divided by the total Weeks Worked Points of the entire Participating Settlement Class. The resulting fraction or percentage is your pro-rata share of the Expense Reimbursement Payments Fund of, assuming 100% participation, approximately $2,075,500.

       iii.     Your Individual Expense Reimbursement Payment will be calculated by multiplying your pro-rata share by the amount of the Expense Reimbursement Payments Fund.

    (3)     Your total individual Settlement Award is the sum of your $250 Class Participation Award and your Individual Expense Reimbursement Payment.

      **c.**      **Who will receive settlement payments?**

Any Class Member who was employed by SWS in any position as of May 31, 2012 ("Current Employee Class Member") will automatically receive a settlement payment unless he or she submits a valid and timely Request for Exclusion. Any Class Member who was not employed by SWS in any position as of May 31, 2012 ("Former Employee Class Member") will receive a settlement payment only if he or she submits a valid and timely Claim Form. Collectively, all these individuals shall be referred to as "Participating Settlement Class Members."

      **d.**      **How much can I expect to receive?**

The enclosed Estimated Payment Form ("Share Form") lists the amount you can expect to receive if you participate in the settlement. This sum is based on SWS's records of your Weeks Worked as a Sales Representative during the Class Period. You have a right to challenge your Weeks Worked information by following the instructions on the Share Form. All challenges must be submitted by [45 days after initial mailing], 2012. All Weeks Worked disputes will be resolved and decided by the Settlement Administrator, and the Settlement Administrator's decision will be final and binding.

The estimated payment amount may be reduced or increased, however, based upon the information contained in the Share Form, the number of Claim Forms returned, challenges to Weeks Worked, decisions of the Settlement Administrator regarding such challenges, the number of Participating Settlement Class Members, the number of Request for Exclusion submitted, whether additional class members are identified or come forward, the potential reallocation of some of the unclaimed funds to Participating Settlement Class Members and the terms of the Court's final approval order.

     (1)    Applicable Tax Withholding and Responsibility for Taxes

Settlement Awards to Participating Settlement Class Members are allocated for tax purposes as follows: (1) 2/3 of each payment will be considered as unreimbursed business expenses; and (2) 1/3 of the payment will be treated as interest. In accordance with applicable tax laws, required tax withholdings will

be taken out of from each Participating Settlement Class Members' payment and remitted to the appropriate taxing authorities. SWS will pay the employer's share of employment-related taxes as required by applicable law, separately from the Settlement Fund. Participating Settlement Class Members will be responsible for the tax consequences of all payments received by them, for filing returns and reporting all income received to state and federal taxing authorities, and for payment of any other applicable taxes due. The Parties to the case cannot provide and will not provide any advice regarding tax obligations. You should seek tax advice as to any amounts you receive pursuant to the Settlement from your own tax advisor.

(2)     <u>Unclaimed Amounts/Uncashed Checks</u>

The Net Settlement Fund shall be distributed to all Participating Settlement Class Members. Any amounts remaining that are not claimed by Former Employee Class Members will be redistributed on a pro-rata basis to all Participating Settlement Class Members. Therefore, the amount you receive may be more than the estimated amount in the Share Form.

All settlement checks that are not cashed or deposited within ninety (90) days of issuance will be void. Any uncashed check funds then will be added to the Reserve Fund. Monies remaining in the Reserve Fund after six (6) months will be donated to worthy non-profit organizations proposed by the Parties and approved by the Court. No unclaimed funds or unclaimed check amounts will be returned to SWS, which will pay out the entire $3.5 million Settlement Fund.

**e.     Additional payments to the Named Plaintiffs**

The Court has also preliminarily approved a Service Award payment of $10,000 to each of the three Named Plaintiffs. The service awards will be paid from the Total Settlement Sum, which will slightly reduce any payment made to should you choose to become a Participating Settlement Class Member. This service award is sought to compensate the Named Plaintiffs for their risk incurred and their time and efforts in assisting with the prosecution of the Action on behalf of the Class Members and in return for executing a General Release of all Claims against the Released Parties, which is broader than the release applicable to the Settlement Class Members who are not Named Plaintiffs.

**f.     Attorneys' fees and costs for the Class Counsel**

You do not need to pay individually any portion of Class Counsel's attorneys' fees and costs. All payments for those attorneys' fees and costs will be deducted from the Total Settlement Sum, which will reduce any payment made to you should you choose to become a Participating Settlement Class Member. Class Counsel will apply to the Court for final approval of their attorneys' fees and costs. The attorneys for the Class will ask for reimbursement of their costs of up to $55,889.00 actually incurred in litigating this case and for fees of up to 30% of the Settlement Amount (*i.e.*, up to $1,050,000). The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs is reasonable, and will be paid from the Total Settlement Sum provided by SWS.

**g.     Settlement Administration Costs**

Costs incurred by the Settlement Administrator in connection with providing Notice to the Class, processing and receiving Claim Forms, receiving and determining challenges to estimated settlement payment amounts, receiving and forwarding to the Court and the Parties Requests for Exclusion and objection letters received, if any, and calculating and distributing payments due to Participating Settlement Class Members and others entitled to settlement payment under the terms of the Settlement Agreement as approved by the Court, will be paid from the Total Settlement Sum up to a maximum of

-5-

$[insert not to exceed quote]. The Settlement Administrator's name and contact information is provided below in this Notice.

**h.      All Payments Subject to Court Approval**

All of the payments listed above will be made if and only if the Court grants final approval of the Settlement Agreement based on its finding that the settlement is reasonable, fair, and adequate for the Class. The amounts of those payments may be adjusted by the Court.

| **4.      What Are My Options?** |
| --- |

You may participate in the settlement, exclude yourself from it or do nothing.

If you want to participate in the settlement and you are a Current Employee Class Member (i.e. employed by SWS in any position as of May 31, 2012), you do not have to anything. You will receive your Settlement Award automatically if the Settlement is approved by the Court. If you are a Former Employee Class Member (i.e. as on May 31, 2012 you were not employed by SWS in any position), and you wish to participate in the settlement and receive a Settlement Award, you must submit the enclosed Claim Form no later than [NOTICE RESPONSE DEADLINE DATE]. You also have a right to object to the settlement if you submit a Claim Form. Finally, you have the right to exclude yourself from the Settlement Class. The option you choose affects whether you receive a settlement payment and whether you give up certain rights. These options are also summarized in the chart on the first page of this Notice.

**a.      <u>What do I have to do in order to receive a settlement payment?</u>**

<u>Current Employee Class Members</u>

**If you were employed by SWS as a Sales Representative or in any other position as of May 31, 2012, and wish to receive a Settlement Award, you do not need to take any action.** You will automatically receive your settlement payment when and if the Court gives final approval to the Settlement Agreement.

<u>Former Employee Class Members</u>

**If, as of May 31, 2012, you were not employed by SWS in any position, and you wish to receive payment Settlement Award, you must submit a Claim Form on or before [60 days after mailing], 2012. Former Employee Class Members who do nothing (i.e., do not submit a timely Claim Form) will not receive any Settlement Award** and any legal claims you may have that are covered by the Settlement will be permanently given up.

If you are listed as a Former Employee Class Member in SWS's records, the required Claim Form is attached to this Notice. You must complete, sign and date the Claim Form and return it, by First-Class U.S. Mail, to:

SWS Sales Representative Settlement Administrator<br>
c/o [insert claims administrator]<br>
[Address]

The Claim Form must be postmarked no later than [60 days after mailing], 2012. If your Claim Form is not postmarked by [60 days after mailing], 2012, you will not receive any payment but you will be bound by the Release and all other terms of the Settlement. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your Claim Form. If you lose, misplace or need another Claim Form, you should contact the Claims Administrator immediately and request that another Claim

Form be sent to you.  **You are responsible for maintaining a copy of your fully completed Claim Form and record of proof of mailing**, in case proof of mailing is needed.

       **b.**      **Can I request to be excluded from the Settlement?**

You, or any Class Member, can, if you wish, exclude yourself from the Settlement.  If you do so, you will not receive a Settlement Award and will not be subject to the terms of the Settlement Agreement.

You may exclude yourself from the proposed settlement by taking the following steps:

    (1)    You must mail a written statement containing your name, address, telephone number, and the last four digits of your Social Security number and state your desire to be excluded from the Settlement Class to the Settlement Administrator, whose name and address is listed below.

    (2)    The request must be postmarked by [60 days after date of mailing of Notice].

You cannot both exclude yourself and obtain a Settlement Award, and you cannot both exclude yourself and object to the settlement.  If you submit a Request for Exclusion (as described above) and submit a Claim Form, your Claim Form will be honored, your Request for Exclusion will be disregarded, and you will be treated as a Participating Settlement Class Member.  If you submit a Request for Exclusion and submit an objection to the settlement, your objection will not be considered.

       **c.**      **How do I object to the settlement?**

If you are satisfied with the proposed settlement, you do not need to express your views or appear at the hearing at which the Court will consider final approval of the settlement.  However, if you wish to object to the proposed settlement you must take the steps below.  Your failure to do so will be deemed a waiver of your objections and you will not be permitted to appear at the hearing at which the Court will consider whether to grant final approval:

    (1)    You must mail a written statement to the Settlement Administrator listed below. The Settlement Administrator will send a copy of your objection to all Parties involved in the case and to the Court.

    (2)    The written statement MUST include:  (i) a statement advising if you plan to address the Court at the hearing; (ii) a statement of your objections; (iii) any other papers which you propose to submit to the Court, including any legal briefs or memoranda; and (iv) identify your name, address, telephone number, and the last four digits of your Social Security number.  You may appear at the final approval hearing personally, or through your own counsel, paid for at your own expense.

    (3)    The written statement must be postmarked by [60 days after mailing of Notice].

If you have satisfied the requirements set forth above, you have the right to address the Court at the hearing scheduled for [INSERT DATE AND TIME OF THE HEARING] before the Honorable Jeffrey S. White, United States District Court Judge, Northern District, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.  For your objections to be considered, you cannot also submit a Request for Exclusion.

| 5. | What Will I Give Up if I Participate in the Settlement? |
|---|---|

The settlement relates to the time that you worked as a Sales Representative for SWS during the Class Period, and to any and all claims related to allegedly unreimbursed business expenses (the "Released Claims"). If the proposed Settlement is approved, all Class Members who have not requested exclusion ("Settlement Class Members") will be considered to have released SWS and all persons or parties acting for it (the "Released Parties") from the "Released Claims" and will be permanently barred from suing or otherwise making a claim against any of the Released Parties regarding the Released Claims. The exact language of the Release, including the legal definition of Released Claims and Released Parties, is included in the Settlement Agreement.

Class Members who do not exclude themselves from the settlement will be considered to have accepted the release and to have waived any of the Released Claims against the Released Parties.

| 6. | Will I be subject to discipline based on whether I participate in the settlement? |
|---|---|

No. California law protects individuals and employees from retaliation based on their decision to participate or not participate in a class action settlement. Your decision to participate, not participate, or object in this Settlement will not impact your employment with SWS or SWS's treatment of you as a former employee. **SWS is prohibited by law from retaliating in any way based on your decision to participate or not participate in the settlement.**

| 7. | Where can I get additional information? |
|---|---|

This Notice only summarizes this lawsuit, the settlement, and related matters. For more information, you may find and review the Settlement Agreement and this Notice which are posted on the websites of the Settlement Administrator, *[WEB ADDRESS]*, and of the Class Counsel firm Goldstein, Demchak, Baller, Borgen & Dardarian, *[www.gdblegal.com]*. You may also inspect the Court files at the Clerk of the Court, United States District Court Judge, Northern District, San Francisco Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, from 10:00 a.m. to 4:00 p.m., Monday through Friday, excluding any holidays or other days the Court may be closed.

If you have questions about the settlement, you may also contact Class Counsel as follows:

**GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN**
Morris J. Baller, Esq.
James Kan, Esq.
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
mballer@gdblegal.com
jkan@gdblegal.com

**HAMMONDLAW LLP**
Julian Hammond, Esq.
1180 South Beverly Drive, Suite 601
Los Angeles, California 90035
Telephone: (310) 601-6766
Facsimile: (310) 295-2385
Hammond.julian@gmail.com

You may also contact the Settlement Administrator, whose name, address, telephone, and email information is:

**SWS Sales Representative Settlement Administrator**
**c/o [insert name]**
**[Address]**
**[email address]**
**Toll free telephone number: (xxx) xxx-xxxx**

PLEASE <u>DO NOT</u> TELEPHONE OR CONTACT THE COURT OR THE OFFICE OF THE CLERK (OTHER THAN TO INSPECT THE COURT FILES) FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.  THEY CANNOT ANSWER ANY QUESTIONS ABOUT THE CASE OR THE SETTLEMENT.

# ESTIMATED SHARE FORM and CHALLENGE INSTRUCTIONS for CURRENT EMPLOYEE CLASS MEMBERS

*For Class Members Employed by Southern Wine & Spirits of America, Inc. ("SWS")*
*as of May 31, 2012*

GENE JOVICH, ET AL. V. SOUTHERN WINE & SPIRITS OF AMERICA, INC., CASE NO. CV10-04405 JSW, IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

**Your estimated share of the settlement in this case is $XXXXX. This estimate is based on your dates of employment as a union Sales Representative between August 17, 2006 and May 31, 2012, excluding leaves of absence and suspensions, as listed on page 2 of this Form.**

**If you accept your dates of employment, you do not need to do anything to receive your share of the settlement (unless you need to update or correct your mailing address).**

**However, if you wish to challenge the dates of employment listed on page 2, carefully follow the instructions on this form.**

TO CHALLENGE YOUR LISTED DATES OF EMPLOYMENT AS A UNION SALES REPRESENTATIVE DURING THE CLASS PERIOD, **THIS FORM MUST BE SIGNED AND POSTMARKED OR FAXED NOT LATER THAN [45 DAYS AFTER MAILING].**

| |
|---|
| MAIL TO: |
| CLAIMS ADMINISTRATOR |
| c/o KURZMAN CARSON CONSULTANTS |
| **[INSERT ADDRESS]** |

**Important:**

1.  You do NOT have to submit this form if you believe the dates of employment listed below are accurate.

2.  It is strongly recommended that you keep proof of timely mailing and/or faxing for your records until receipt of your settlement payment.

3.  If you change your mailing address, please send your new mailing address to the Administrator. It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your settlement payment.

397606-6

## EMPLOYMENT DATES AND CHALLENGE INFORMATION

<<Name>>

_____

<<Address>>

_____

<<City>>, <<State> <Zip>>

_____

(___ ___ ___) ___ ___ ___ -- ___ ___ ___ ___

**Home Telephone Number**

**Your Weeks Worked**

| SWS' payroll records show that during the Class Period of August 17, 2006 through May 31, 2012, you held the position of union Sales Representative in California in the following time period(s): | During this time, you were on a leave of absence for ___ days during the following time period(s): |
|---|---|
| <<Dates>> | <<Dates>> |

Your total number of points for Weeks Worked is:  **<<points>>**
Your pro-rata share of the Expense Reimbursement Payments Fund (as defined in the accompanying Notice) is:  <<____%>>
The Expense Reimbursement Payments Fund is current estimated to be: <<$_____>>

**Your Estimated Payment**

Based on the total number of points for Weeks Worked, your total Settlement Award is currently estimated at $<<_____>>_. This consists of a lump sum of $250.00 as a Class Participation Award plus your pro-rata share of the Expense Reimbursement Payments Fund, which is currently estimated to be $<<_____>>.  This amount may increase or decrease depending on factors such as, but not limited to, the outcome of any Class Member challenges to their dates of employment and the number of opt outs, if any.  You will receive a Settlement Award provided you do not submit a Request for Exclusion from the Settlement Class.

# CHALLENGE FORM

***Check the box below ONLY if you wish to challenge the dates listed on Page 2.  All fields must be complete for your challenge to be accepted:***

☐    I wish to challenge the employment dates listed above. I have included a written statement detailing what I believe to be my correct dates of employment as a union Sales Representative with SWS in California during the period from August 17, 2006 through May 31, 2012.  I have also included information and/or documentary evidence that supports my challenge.  I understand that by submitting this challenge I authorize the Administrator to review SWS' records and determine the validity of my challenge and that this includes information related to any possible Family Medical Leave Act (FMLA)/California Family Responsibility Act (CFRA) or other leave that I may have been on while employed by SWS.

_____

Signature

Name of Class Member  _____ **[preprinted]**

Class Member ID Number (from address label):  _____
**[preprinted]**

I believe that my correct dates of employment as a Sales Representative for SWS during the Class Period, excluding leaves of absence, are _____ to _____.

Statement of reasons and documentation of dates of employment as Sales Representative during Class Period, according to Class Member:

_____

_____

_____

_____

**[Attach documentation and use separate page(s) as necessary]**

# ESTIMATED SHARE FORM and CHALLENGE INSTRUCTIONS for FORMER EMPLOYEE CLASS MEMBERS

*For Class Members Not Employed by Southern Wine & Spirits of America, Inc. ("SWS")*
*as of May 31, 2012*

GENE JOVICH, ET AL. V. SOUTHERN WINE & SPIRITS OF AMERICA, INC., CASE NO. CV10-04405 JSW, IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

**Your estimated share of the settlement in this case is $XXXXX. This estimate is based on your dates of employment as a union Sales Representative between August 17, 2006 and May 31, 2012, excluding leaves of absence and suspensions, as listed on page 2 of this Form.**

**Because you were not employed by SWS as of May 31, 2012, you must file the enclosed Claim Form if you want to receive a monetary payment under the Settlement Agreement.**

**If you do not agree with the dates of employment listed on Page 2 of this Form, you must submit the Challenge Form in addition to your Claim Form. Submitting a Challenge Form does NOT satisfy the additional requirement that you file a Claim Form. However, if you agree with the dates, you need only submit a Claim Form to receive your share of the settlement.**

TO CHALLENGE YOUR LISTED DATES OF EMPLOYMENT AS A UNION SALES REPRESENTATIVE DURING THE CLASS PERIOD, **THIS FORM MUST BE SIGNED AND POSTMARKED OR FAXED NOT LATER THAN [45 DAYS AFTER MAILING].**

MAIL TO:

CLAIMS ADMINISTRATOR

c/o KURZMAN CARSON CONSULTANTS

**[INSERT ADDRESS]**

**Important:**

1.    You do NOT have to submit this form if you believe the dates of employment listed below are accurate.

2.    It is strongly recommended that you keep proof of timely mailing and/or faxing for your records until receipt of your settlement payment.

3.    If you change your mailing address, please send your new mailing address to the Administrator. It is your responsibility to keep a current address on file with the Administrator to ensure receipt of your settlement payment.

397607-6

## <u>EMPLOYMENT DATES AND CHALLENGE INFORMATION</u>

<<Name>>
_____

<<Address>>
_____

<<City>>, <<State> <Zip>>
_____

(___ ___ ___) ___ ___ ___ -- ___ ___ ___ ___
**Home Telephone Number**

### <u>Your Weeks Worked</u>

| SWS' payroll records show that during the Class Period of August 17, 2006 through May 31, 2012, you held the position of union Sales Representative in California in the following time period(s): | During this time, you were on a leave of absence for ___ days during the following time period(s): |
|---|---|
| <<Dates>> | <<Dates>> |

Your total number of points for Weeks Worked is:  **<<points>>**
Your pro-rata share of the Expense Reimbursement Payments Fund (as defined in the accompanying Notice) is:  **<<____%>>**
The Expense Reimbursement Payments Fund is estimated to be: **<<$_____>>**

### <u>Your Estimated Payment</u>

Based on the total number of points for Weeks Worked, your total Settlement Award is currently estimated at $**<<_____>>.**  This consists of a lump sum of $250.00 as a Class Participation Award plus your pro-rata share of the Expense Reimbursement Payments Fund, which is currently estimated to be $<<_____>>.  This amount may increase or decrease depending on factors such as, but not limited to, the outcome of any challenges by Class Members to their dates of employment and the number opt outs, if any.  **You must submit a timely Claim Form to receive these payments.**  If you do not submit a Claim Form, you will not receive any payment and this money will be used to increase payments to Participating Settlement Class Members.

# CHALLENGE FORM

***Check the box below ONLY if you wish to challenge the dates listed on Page 2. All fields must be complete for your challenge to be accepted:***

☐    I wish to challenge the employment dates listed above. I have included a written statement detailing what I believe to be my correct dates of employment as a union Sales Representative with SWS in California during the period from August 17, 2006 through May 31, 2012. I have also included information and/or documentary evidence that supports my challenge. I understand that by submitting this challenge I authorize the Administrator to review SWS' records and determine the validity of my challenge and that this includes information related to any possible Family Medical Leave Act (FMLA)/California Family Responsibility Act (CFRA) or other leave that I may have been on while employed by SWS.

_____

Signature

Name of Class Member  _____  **[preprinted]**

Class Member ID Number (from address label):  _____
**[preprinted]**

I believe that my correct dates of employment as a Sales Representative for SWS during the Class Period, excluding leaves of absence, are _____ to _____.

Statement of reasons and documentation of dates of employment as a Sales Representative during the Class Period, according to Class Member:

_____

_____

_____

_____

**[Attach documentation and use separate page(s) as necessary]**

397607-6

## CLAIM FORM

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

*Gene Jovich, et al. v. Southern Wine & Spirits of America, Inc.*, Case No. CV10-04405 JSW.

### YOUR SETTLEMENT "CLAIM SHARE"

According to Southern Wine and Spirits of America, Inc.'s ("SWS") payroll records, you worked a total of _____ weeks as a union Sales Representative in California during the period of August 17, 2006 through May 31, 2012, not including periods of leave or suspension, and you were no longer employed by SWS as of May 31, 2012.

**Based on this information, the estimated pro-rata share amount you will receive under the settlement is $_____.** This amount may increase or decrease, based on several factors including but not limited to the outcome of any challenges to Weeks Worked submitted by Class Members, the number of Request[s] for Exclusion submitted, and whether additional Class Members are identified or come forward. If you submit this Claim Form you will receive an additional lump sum of $250.00 as a Class Participation Award for a total Settlement Award of <<$_____>>.

### INSTRUCTIONS

- To receive the monetary recovery described above, you **must** complete, sign, date, and mail this Claim Form on or before **[60 days after mailing], 2012. Claim Forms which are incomplete or postmarked after this date will be rejected**.

- If you disagree with the number of Weeks Worked reflected above, please complete the enclosed Challenge Form, including all documents you would like the Settlement Administrator to consider, and submit it along with your completed Claim Form. **If you wish to challenge your Weeks Worked, you must submit a Challenge Form AND a completed Claim Form to receive a Settlement Award.**

---

### PLEASE COMPLETE THE FOLLOWING

1.  Please review the following identifying information in the left-hand column, and make any necessary changes in the right-hand column:

|||||||||||||||||||||||||||||||| Claim #
First Last
Address1 Address2
City, State, Zip, Country

Name/Address Changes (if any):
_____
_____
_____
_____

(_____) _____
Area Code        Telephone Number

(_____) _____
Area Code        Home Telephone Number

[**Important**: If you move, please send the Settlement Administrator your new address]

2.  By signing below, I am agreeing to provide a full and complete release of any and all "Released Claims," as fully explained to me in Section ___ of the accompanying *Notice of Proposed Class Action Settlement and Fairness Hearing*, in exchange for receipt of the benefits offered under the Settlement Agreement. I understand that by signing and submitting this Claim Form, I will be bound by all terms

and conditions contained in the Settlement Agreement, as well as all Orders entered by the Court overseeing the settlement. The undersigned hereby certifies under penalty of perjury under the laws of the United States and the State of California that all of the information provided by Claimant in this Claim Form is true and correct.

Date (mm/dd/yyyy): _____    _____

(Must be filled in by Claimant)                Signature of Claimant

_____

(Print Name Clearly)

**If You Have Any Questions, Please Contact The "SWS Sales Representative Settlement Administrator, c/o [insert name] At [Telephone Number]**